**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THEA SONNIER** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4: 19-3967** |
| | § | |
| **GUADALUPE ROSENBAUM and** | § | |
| **THE UNITED STATES OF AMERICA** | § | |

## PLANTIFF'S  COMPLAINT AND JURY TRIAL DEMAND

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes Now, THEA SONNIER (hereinafter "Sonnier" or "Plaintiff") and file this, her Original Petition, through her attorney Norwood Richardson,   complaining of GUADALUPE ROSENBAUM and THE UNITED STATES OF AMERICA    (collectively hereinafter "Defendants"), and for cause of action respectfully shows the Court as follows:

## I.
## JURISDICTION

1.     This is a civil action, seeking compensatory damages in the amount of at least $10,000,000.00, punitive damages, and attorney's fees.

2.     The action is brought pursuant to 28. U.S.C., § 2671, *et seq., 28 U.S.C.,* § 1346, *et seq.,* and the Eighth Amendment to the Constitution of the United States of America.

3.     Jurisdiction is founded upon 28 U.S.C., §§ 1331 and 1346.

4.     On or about August 1, 2018, which date was within two (2) years from the date Plaintiff's cause of action pursuant to the Federal Tort Claims Act accrued, she presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incidents and injuries alleged herein. Such claim was received and ruled on by the Federal Bureau of Prisons.

5.     On or about April 11, 2019, Plaintiff's claim was denied by the Federal Bureau of Prisons of the United States Department of Justice, by its regional counsel, Jason Sickler. A copy of the denial is attached hereto as Exhibit "A"

6.     The action is commenced within six (6) months of the date of denial of Plaintiff's claim.

## II.

## VENUE

7.     Venue is properly alleged in the Southern District of Texas , in that the acts complained of herein occurred in the district and the plaintiff is a resident within the district.

## III.

## JURY TRIAL DEMAND

8.     Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## IV.

## <u>PARTIES</u>

9.    At all times relevant hereto, Plaintiff was, and is a natural person and was an inmate incarcerated in the Houston Federal Detention Center, which is located at 1200 Texas Street, Houston, Texas 77002 from: November of 2016 to January 2019.

10.    At all times relevant hereto, Defendant, Guadalupe Rosenbaum (hereinafter "Rosenbaum"), was, and it a natural person employed as a guard by the Federal Bureau of Prisons of the United States Department of Justice and was assigned to the Houston Federal Detention Center located 1200 Texas Street, Houston, Texas 77002.

11.    Defendant, THE UNITED STATES OF AMERICA, is sued under the Federal Tort Claims Act for the wrongful and tortuous acts of its employees, agents, and agencies.

12.    At all times material hereto, Defendant Rosenbaum was acting in the course and scope of his employment or agency of the The United States of America, as contemplated under applicable law, including 28 U.S.C., § 2680(a)

## V.

## COUNT ONE - VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS BY DEFENDANT ROSENBAUM

13.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 12, herein above, as if more fully set forth at length herein.

14.    At all times relevant hereto, Defendant Rosenbaum was a guard assigned to Plaintiff Sonnier's unit in the Houston Federal Detention Center.

15.    Plaintiff was sexually assaulted by Guadalupe Rosenbaum, an employee of the Federal Prison on several occasions.

16.    Plaintiff recalls no less than 12 incidents where Defendant Rosenbaum sexually assaulted her while she was incarcerated in prison.

17.    Plaintiff alleges that on at least five (5) different occasions, Defendant Rosenbaum inserted his penis inside of her vagina without her consent.

18.    Plaintiff alleges that on at least six (6) different occasions, Defendant Rosenbaum inserted his penis inside of her mouth forcing her to perform oral sex on him without her consent.

19.    Plaintiff claims that Rosenbaum used tactics like threatening to put her in the "shu" and taking away her visitation to get her to perform aforementioned acts.    Plaintiff feared for her safety and sought medical treatment while in custody as a result.

20.    Defendant, Rosenbaum violated Sonnier's right to be free from the inflection of cruel and unusual punishment, guaranteed to her by the Eighth Amendment of the Constitution of the United States of America, in that, while he was employed as a guard in the unit in which Sonnier was incarcerated, he forcibly raped Sonnier and violated her rights on multiple occasions by intimidating her into performing sexual acts with him.

21.    By reason of the aforesaid acts committed against Sonnier by Rosenbaum, Sonnier was physically injured, suffered intense mental anguish and distress, and was thereby permanently injured.

` 22.     By reason of the unconstitutional and illegal actions taken against Sonnier by Rosenbaum, Sonnier has been damaged in the amount of $10,000,000.00, and demands and additional $5,000,000.00 as punitive damages from Hawkins.

**VI**

**COUNT TWO - NEGLIGENCE CAUSE OF ACTION ON BEHALF OF SONNIER AGAINST DEFENDANT, THE UNITED STATES OF AMERICA,  PURSUANT TO THE FEDERAL TORT CLAIMS ACT.**

**23.**     Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 22, herein above, as if more fully set forth at length herein.

24.     During the Period of November 1, 2016 and March 31, 2017, Rosenbaum carried on a course of intimidation and coercion whereby he coerced Sonnier to perform oral sex upon him multiple times and vaginal sex on five (5) occasions.

25.     The aforementioned acts committed against Sonnier by  Rosenbaum were a direct result of the negligence, carelessness and recklessness of the Defendant, THE UNITED STATES OF AMERICA, its agents, servants and employees, in failing to meet its duty of care to Sonnier in its screening, hiring, supervising, evaluating and retaining of Rosenbaum.

26.     Solely as a result of the aforementioned recklessness, negligence and carelessness of Defendant, THE UNITED STATES OF AMERICA, its agents, servants and employees, as aforesaid said, Plaintiff was physically injured, suffered intense mental anguish, and distress and was thereby permanently injured.

27.    By the reason of the aforementioned negligence, recklessness and carelessness of Defendant, THE UNITED STATES OF AMERICA, and through no culpable conduct of own, Sonnier has been damaged in the amount of $10,000,000.00

## VII.

### COUNT THREE - ASSAULT AND BATTERY CAUSE OF ACTION AGAINST DEFENDANTS, ROSENBAUM AND THE UNITED STATES OF AMERICA

28.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 27, herein above, as if more fully set forth at length herein.

29.    During the Period of November 1, 2016 and March 31, 2019, Rosenbaum carried on a course of intimidation and coercion whereby he coerced Sonnier to perform oral sex upon him multiple times and vaginal sex on five (5) occasions.

30.    The aforesaid acts committed by Rosenbaum against Sonnier were not reasonable under the circumstances.

31.  At the aforementioned times and place, pursuant to 18 U.S.C., § 3050. Rosenbaum was an investigative or law enforcement officer of The United States of America, as the term is defined by 28 U.S.C. § 2680(a). The United States of America has waived immunity pursuant to 28 U.S.C., § 1346, *et seq.,* and § 2680(a). See, *Millbrook v. United States,* 569 U.S. _____,_____, 133 Sup. Ct. 1441 (2013).

32.    At the aforementioned times and place. Rosenbaum was acting within the scope of his employment and authority as an employee of Defendant, THE UNITED STATES OF AMERICA.

33.    Solely as a result of the aforementioned assaults and batteries committed against Sonnier by Rosenbaum, while he was acting within the scope of his employment by Defendant, THE UNITED STATES OF AMERICA, Plaintiff was physically injured, suffered intense mental anguish, and distress and was thereby permanently injured.

34.    As a result of the aforementioned assaults and batteries committed upon Sonnier by Rosenbaum, while acing within the scope of his employment by Defendant, THE UNITED STATES OF AMERICA, and through no culpable conduct of her own, Sonnier has been damaged in the amount of $10,000,000.00, and demands and additional $5,000,000.00 as punitive damages from Defendant Rosenbaum

**VIII.**

**COUNT FOUR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE DEFENDANT, THE UNITED STATES OF AMERICA, PURSUANT TO THE FEDERAL TORT CLAIMS ACT.**

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 34, herein above, as if more fully set forth at length herein.

36.    Sonnier was subjected to multiple acts of intimidation, forced to perform sexual acts upon Rosenbaum and physically raped by Rosenbaum for the first time in November of 2016. The

Bureau of Prison Standards expressly prohibit sexual contact between employees and inmates. Notwithstanding, Rosenbaum intentionally performed said acts against Plaintiff's will.

37.     The actions of Rosenbaum and THE UNITED STATES OF AMERICA  were outrageous and reprehensible. Those actions were deliberately intended to cause harm to, and/or recklessly disregard Defendant's emotional well being thus cause infliction of severe emotional distress on Sonnier.

38.     As a direct result of the actions of Rosenbaum and the THE UNITED STATES OF AMERICA, Sonnier sustained damages, including severe emotional distress.

39.     As a result of the above acts, Sonnier demands judgment against THE UNITED STATES OF AMERICA for compensatory damages, punitive damages, reasonable attorney's fees pursuant to 42 U.S.C., § 1988, the Equal Access to Justice Act, the Federal Tort Claims Act, and applicable case law, reasonable litigation costs, court costs, interest and other relief as this Court deems just and appropriate under the circumstances.

WHEREFORE, Plaintiff, THEA SONNIER, demands judgement against Defendants, Rosenbaum and THE UNITED STATES OF AMERICA, as follows:

> a.     Count One: $10,000,000.00 compensatory damages against Defendant, Rosenbaum plus $5,000,000.00 as punitive damages;
>
> b.     Count Two: $10,000,000.00 compensatory damages against Defendant, THE UNITED STATES OF AMERICA;

c.  Count Three: Count Two: $10,000,000.00 compensatory damages against Defendant, THE UNITED STATES OF AMERICA; and

d.  Count Four: Count Two: $10,000,000.00 compensatory damages against Defendant, THE UNITED STATES OF AMERICA plus $5,000,000.00 as punitive damages against Defendant Rosenbaum; and

e. Attorney's fees as provided by law

Dated: October 10, 2019

Respectfully submitted,

**RICHARDSON LAW OFFICE**

**NORWOOD RICHARDSON**
State Bar No. 24056853
Federal ID No.
9011 Harbor Hills Drive
Houston, TX 77054
Phone: 832-454-8506
Fax: 832-201-8243
Email: norwood@Imyourcounsel.com

**ATTORNEY FOR PLAINTIFF,
THEA SONNIER**