# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **THEA SONNIER** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4: 19-3967** |
| | § | |
| **GUADALUPE ROSENBAUM and** | § | |
| **THE UNITED STATES OF AMERICA** | § | |

## <u>PLANTIFF'S AMENDED COMPLAINT AND JURY TRIAL DEMAND</u>

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes Now, THEA SONNIER (hereinafter "Sonnier" or "Plaintiff") and file this, her Original Petition, through her attorney Norwood Richardson, complaining of GUADALUPE ROSENBAUM and THE UNITED STATES OF AMERICA (collectively hereinafter "Defendants"), and for cause of action respectfully shows the Court as follows:

## I.
## <u>JURISDICTION</u>

1. This is a civil action, seeking compensatory damages in the amount of at least $10,000,000.00, punitive damages, and attorney's fees.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346 et seq. (Federal Torts Claim Act) as it involves liability of the United States of America reserved to federal

courts. The action is brought pursuant to 28. U.S.C., § 2671, *et seq., 28 U.S.C., § 1346, et seq.,* and the Eighth Amendment to the Constitution of the United States of America.

3.      This Court has personal jurisdiction over Defendant United States of America pursuant to 28 U.S.C. § 1346 et seq. (Federal Torts Claim Act).

4.      On or about August 1, 2018, which date was within two (2) years from the date Plaintiff's cause of action pursuant to the Federal Tort Claims Act accrued, she presented to the Federal Bureau of Prisons of the United States Department of Justice a claim for money damages arising out of the incidents and injuries alleged herein. Such claim was received and ruled on by the Federal Bureau of Prisons.

5.      On or about April 11, 2019, Plaintiff's claim was denied by the Federal Bureau of Prisons of the United States Department of Justice, by its regional counsel, Jason Sickler. A copy of the denial is attached hereto as Exhibit "A"

6.      The action is commenced within six (6) months of the date of denial of Plaintiff's claim.

## II.

## <u>VENUE</u>

7.      Venue is properly alleged in the Southern District of Texas , in that the acts complained of herein occurred in the district and the plaintiff is a resident within the district.

## III.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## IV.

## PARTIES

9. At all times relevant hereto, Plaintiff was, and is a natural person and was an inmate incarcerated in the Houston Federal Detention Center, which is located at 1200 Texas Street, Houston, Texas 77002 from: November of 2016 to January 2019.

### *DEFENDANTS*

10. At all times relevant hereto, Defendant, Guadalupe Rosenbaum (hereinafter "Rosenbaum"), was, and it a natural person employed as a guard by the Federal Bureau of Prisons of the United States Department of Justice and was assigned to the Houston Federal Detention Center located 1200 Texas Street, Houston, Texas 77002. At all times material hereto, Defendant Rosenbaum was acting in the course and scope of his employment or agency of the The United States of America, as contemplated under applicable law, including 28 U.S.C., § 2680(a).

## IMMUNE INDIVIDUAL EMPLOYEES

11. The Federal Employee Liability Reform and Tort Compensation Act (FELRTCA) was passed into law in 1988 and extended absolute immunity for common law torts to all federal employees regardless of whether the conduct at issue was discretionary or intentional. But for the immunity protections afforded federal employees under FELRTCA, the persons identified below would be liable to Plaintiff for monetary damages for their misconduct.

12.     Warden(s) of the Federal Prison - Houston, executive staff, department heads, supervisors and prison management (hereafter Management Houston BOP) were grossly negligent in their duties to recruit, hire, train, manage, supervise, report, audit, discipline and terminate correctional officers at the Prison and allowed the sexual harassment and abuse of at least one female inmate.

13.     Professional service providers and the Prison were given the opportunity to investigate the alleged sexual harassment that made the basis of this lawsuit but were negligent in their efforts. As a result, the sexual assault on Plaintiff continued and the correctional officer responsible was never disciplined.

14.     The sexual assaults that made the basis of this suit were reported timely and to the appropriate ate parties and nothing was ever done. There was no criminal prosecution, reprimands or disciplinary action taken.

15.     Defendant Guadalupe Rosenbaum served as a correctional officer in the Houston Federal Prison during the Plaintiff's stay there. During that time he was allowed unsupervised and unchecked time with Plaintiff despite the allegation of sexual abuse against the plaintiff. Officer Rosenbaum was known sexual offender to Prison staff and employees

16.     Defendant, THE UNITED STATES OF AMERICA, is sued under the Federal Tort Claims Act for the wrongful and tortuous acts of its employees, agents, and agencies. The Federal Bureau of Prisons ("BOP") is a United States federal law enforcement agency

responsible for the sucody of individuals who have violated federal laws. The BOP's mission is to "protect public safety by ensuring that federal offenders served their sentences of imprisonment in facilities that are, among other things, safe, humane and secure. The BOP is currently responsible for over 10,000 female inmates. Despite this mission, the BOP-Houston created a sanctuary for male correctional officers to sexually assault and abuse female inmates. A blind eye approach is taken to the sexual assault and it goes unchecked as a result of cultural tolerance, cover-ups and threats to inmates who attempt to complain or shed light on the abuse.

## PRISON RAPE ELIMINATION ACT

17.     The Prison Rape Elimination Act ("PREA") was signed into law in 2003 and applies to all federal facilities managed by the BOP. PREA's goal is to deter the sexual assault of prisoners and to curb prison rape through a zero-tolerance policy.

18.     Because the female inmates are fully dependent on the correctional officers for basic necessities and privileges, all sexual contact, with or without consent of the inmate, is classifyed as abuse.  Sexual abuse and sexual harassment are defined in section 115.6 of the Act as follows:

19.     Sexual abuse of an inmate, detainee, or resident by a staff member, contractor, or volunteer includes any of the following acts, with or without consent of the inmate, detainee, or resident:

   (1) Contact between the penis and vulva of the penis and the anus, including penetration, however slight;
   (2) Contact between the mouth and the penis, vulva, or anus;

(3) Contact between the mouth and any body part where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;

(4) Penetration of the anal or genital opening, however slight, by a hand, finger, object, or other instrument, that is unrelated to official duties or where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;

(5) Any other intentional contact, either directly or through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is

unrelated to official duties or where the staff member, contractor, or volunteer has the intent to abuse, arouse, or gratify sexual desire;

(6) Any attempt, threat, or request by a staff member, contractor, or volunteer to engage in the activities described in paragraphs (1)-(5) of this section;

(7) Any display by a staff member, contractor, or volunteer of his or her uncovered genitalia, buttocks, or breast in the presence of an inmate, detainee, or resident, and

(8) Voyeurism by a staff member, contractor, or volunteer.

*Sexual harassment includes*

(1) Repeated and unwelcome sexual advances, requests for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by one inmate, detainee, or resident directed toward another; and

(2) Repeated verbal comments or gestures of a sexual nature to an inmate, detainee, or resident by a staff member, contractor, or volunteer, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.

20.     As mandated by PREA, the BOP conducts annual PREA audits ("Audits") at each federal prison facility. The annual Audits for Federal Prison-Houston are materially incomplete as the auditors failed to interview any female inmates that were involved in or witness to PREA violations.

21. The Federal Prison- Houston employs correctional officers, facilities staff and management to oversee and operate the prison facility. The correctional officers are trained, managed, overseen and paid by the BOP through the United States Department of Justice serving "investigative or law enforcement" functions. The correctional officers are federal employees subjecting the United States of America to liability for improper actions committed within the course and scope of their employment.

22. The Offending Officer was known to be a sexual predators to others including employees at the Federal Prison-Houston

23. Management Team and the Prison Investigative Agencies. The Offending Officer had been investigated for sex crimes against the Plaintiff. Federal Prison-Houston and Prison Investigative Agencies were well aware of the accusation on sexual abuse.

24. The Offending Officer used his position of authority to threaten and coerce Plaintiff into engaging in sexual activities and keep the abuse quiet for fear of immediate retaliation.

25. Defendant Rosenbaum threatened Plaintiff with direct and immediate retaliation in the event Plaintiff reported any instances of sexual abuse or refused to engage in said contact including, but not limited to, time in the Special Housing Unit ("SHU"), loss of privileges, removal from work detail, and write "ups."

26. Because of the dependency of the officer/inmate relationship for basic necessities and privileges as identified in PREA, any threats of retaliation were magnified and Plaintiffs were unable to safely report the sexual abuse to potential legal counsel.

27. Plaintiff, never consented to any of the sexual acts that were performed on her by the Defendant but was forced to do so due to the fear of imminent harm to her person and safety. The environment and culture created by Federal Prison-Houston made these acts of sexual assault possible and allowable.

## V.
## COUNT ONE - VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS BY DEFENDANT ROSENBAUM

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 27, herein above, as if more fully set forth at length herein.

29. At all times relevant hereto, Defendant Rosenbaum was a guard assigned to Plaintiff Sonnier's unit in the Houston Federal Detention Center.

30. Plaintiff was sexually assaulted by Guadalupe Rosenbaum, an employee of the Federal Prison on several occasions.

31. Plaintiff recalls no less than 12 incidents where Defendant Rosenbaum sexually assaulted her while she was incarcerated in prison.

32. Plaintiff alleges that on at least five (5) different occasions, Defendant Rosenbaum inserted his penis inside of her vagina without her consent.

33. Plaintiff alleges that on at least six (6) different occasions, Defendant Rosenbaum inserted his penis inside of her mouth forcing her to perform oral sex on him without her consent.

34.	Plaintiff claims that Rosenbaum used tactics like threatening to put her in the "shu" and taking away her visitation to get her to perform aforementioned acts.  Plaintiff feared for her safety and sought medical treatment while in custody as a result.

35.	Defendant, Rosenbaum violated Sonnier's right to be free from the inflection of cruel and unusual punishment, guaranteed to her by the Eighth Amendment of the Constitution of the United States of America, in that, while he was employed as a guard in the unit in which Sonnier was incarcerated, he forcibly raped Sonnier and violated her rights on multiple occasions by intimidating her into performing sexual acts with him.

36.	By reason of the aforesaid acts committed against Sonnier by Rosenbaum, Sonnier was physically injured, suffered intense mental anguish and distress, and was thereby permanently injured.

`37.	By reason of the unconstitutional and illegal actions taken against Sonnier by Rosenbaum, Sonnier has been damaged in the amount of $10,000,000.00, and demands and additional $5,000,000.00 as punitive damages from Hawkins.

**VI**

**COUNT TWO - NEGLIGENCE CAUSE OF ACTION ON BEHALF OF SONNIER AGAINST DEFENDANT, THE UNITED STATES OF AMERICA,  PURSUANT TO THE FEDERAL TORT CLAIMS ACT.**

38.	Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 37, herein above, as if more fully set forth at length herein.

39.     During the Period of November 1, 2016 and March 31, 2017, Rosenbaum carried on a course of intimidation and coercion whereby he coerced Sonnier to perform oral sex upon him multiple times and vaginal sex on five (5) occasions.

40.     The Federal Prison-Houston and the investigation team charged with the task of dealing with thes allegation owed a duty to Plaintiff while incarcerated at the facility to "protect public safety by ensuring that federal offenders serve their sentences of imprisonment in facilities  that are safe, humane and, inter alia, appropriately secure as mandated by the BOP.

41.     The Federal Prison-Houston and Investigative team breached their duties to Plaintiff by negligently hiring, retaining, training, managing, disciplining, reporting and supervising the Offending officer during Plaintiff's incarceration at their facility.

42.     The Federal Prison-Houston and Investigative team breached their duties to Plaintiff by providing the Offending Officers with unrestricted and unsupervised one-on-one access to Plaintiffs while incarcerated at Federal Prison-Houston with knowledge of the Officers sexual abuse and misconduct towards the Plaintiff.

43.     The Federal Prision-Houston and Investigative team breached their duties to Plaintiffs by creating a system where victims of sexual abuse and harassment are punished for, not participating in the sexual acts, reporting the sexual misconduct of prison staff by removal from educational and vocational programs, loss of activity time and placement in special housing units, (SHU).

44.     The Federal Prison-Houston and Investigative team breached their duties to Plaintiffs under PREA as follows:

- •     Section 115.11 – failing to enforce zero tolerance policy

- •     Section 115.13 – failing to supervise and monitor (video surveillance) one-on-one inmate/officer contact

- •     Section 115.15 – permitting improper cross-gender pat downs

- •     Section 115.17 – hiring, promoting and retaining officers who "may" have had improper sexual contact

- •     Section 115.43 – punishing sex victims with involuntary segregated housing, loss of privileges and work permits

- •     Section 115.61 – failing to report suspicion of sexual abuse

- •     Section 115.67 – failing to protect inmates from retaliation after reporting abuse

- •     Section 115.76 – failing to discipline staff for sexual misconduct

45.     The aforementioned acts committed against Sonnier by  Rosenbaum were a direct result of the negligence, carelessness and recklessness of the Defendant, THE UNITED STATES OF AMERICA, its agents, servants and employees, in failing to meet its duty of care to Sonnier in its screening, hiring, supervising, evaluating and retaining of Rosenbaum.

46.     Solely as a result of the aforementioned recklessness, negligence and carelessness of Defendant, THE UNITED STATES OF AMERICA, its agents, servants and employees, as aforesaid said, Plaintiff was physically injured, suffered intense mental anguish, Psychological trauma, depression  and distress and was thereby permanently injured.

47. By the reason of the aforementioned negligence, recklessness and carelessness of Defendant, THE UNITED STATES OF AMERICA, and through no culpable conduct of own, Sonnier has been damaged in the amount of $10,000,000.00

**VII.**

**COUNT THREE - ASSAULT AND BATTERY CAUSE OF ACTION AGAINST DEFENDANTS, ROSENBAUM AND THE UNITED STATES OF AMERICA**

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 47, herein above, as if more fully set forth at length herein.

49. During the Period of November 1, 2016 and March 31, 2019, Rosenbaum carried on a course of intimidation and coercion whereby he coerced Sonnier to perform oral sex upon him multiple times and vaginal sex on five (5) occasions.

50. The Offending Officer, acting within the course and scope of his employment with the BOP as investigative or law enforcement official, engaged in the assault and battery of Plaintiff, through unwanted, non-consensual sexual abuse and harassment as defined in section 115.6 of PREA.

51. The Offending Officer assaulted Plaintiff by threatening to inflict injury upon them through unwanted, non-consensual sexual abuse and harassment The Offending Officer was capable of fulfilling the threats of sexual assault as they were in a position of power and authority over Plaintiffs.

52. The Offending Officer intentionally inflicted injury to Plaintiffs through unwanted, non-consensual sexual abuse and harassment

53. The aforesaid acts committed by Rosenbaum against Sonnier were not reasonable under the circumstances.

54.. At the aforementioned times and place, pursuant to 18 U.S.C., § 3050. Rosenbaum was an investigative or law enforcement officer of The United States of America, as the term is defined by 28 U.S.C. § 2680(a). The United States of America has waived immunity pursuant to 28 U.S.C., § 1346, *et seq.,* and § 2680(a). See, *Millbrook v. United States,* 569 U.S. _____,_____, 133 Sup. Ct. 1441 (2013).

55. At the aforementioned times and place. Rosenbaum was acting within the scope of his employment and authority as an employee of Defendant, THE UNITED STATES OF AMERICA.

56. Solely as a result of the aforementioned assaults and batteries committed against Sonnier by Rosenbaum, while he was acting within the scope of his employment by Defendant, THE UNITED STATES OF AMERICA, Plaintiff was physically injured, suffered intense mental anguish, and distress and was thereby permanently injured.

57. As a result of the aforementioned assaults and batteries committed upon Sonnier by Rosenbaum, while acing within the scope of his employment by Defendant, THE UNITED STATES OF AMERICA, and through no culpable conduct of her own, Sonnier has been damaged in the amount of $10,000,000.00, and demands and additional $5,000,000.00 as punitive damages from Defendant Rosenbaum

**VIII.**

**COUNT FOUR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE DEFENDANT, THE UNITED STATES OF AMERICA, PURSUANT TO THE FEDERAL TORT CLAIMS ACT.**

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 57, herein above, as if more fully set forth at length herein.

59 The Offending Officers, acting within the course and scope of their employment with the BOP as investigative or law enforcement officials, engaged in the intentional infliction of emotional distress of Plaintiffs, through unwanted, non-consensual sexual abuse and harassment as defined in section 115.6 of PREA. Sonnier was subjected to multiple acts of intimidation, forced to perform sexual acts upon Rosenbaum and physically raped by Rosenbaum for the first time in November of 2016. The Bureau of Prison Standards expressly prohibit sexual contact between employees and inmates. Notwithstanding, Rosenbaum intentionally performed said acts against Plaintiff's will.

60. The actions of Rosenbaum and THE UNITED STATES OF AMERICA were outrageous and reprehensible. Those actions were deliberately intended to cause harm to, and/or recklessly disregard Defendant's emotional well being thus cause infliction of severe emotional distress on Sonnier.

61. As a direct result of the actions of Rosenbaum and the THE UNITED STATES OF AMERICA, Sonnier sustained damages, including severe emotional distress.

62. As a result of the above acts, Sonnier demands judgment against THE UNITED STATES OF AMERICA for compensatory damages, punitive damages, reasonable attorney's fees pursuant to 42 U.S.C., § 1988, the Equal Access to Justice Act, the Federal Tort Claims Act, and applicable case law, reasonable litigation costs, court costs, interest and other relief as this Court deems just and appropriate under the circumstances.

## COUNT V - FALSE IMPRISONMENT

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs 1 through 62, herein above, as if more fully set forth at length herein.

64. The Offending Officer, acting within the course and scope of their employment with the BOP as investigative or law enforcement officials, engaged in the false imprisonment of Plaintiff, through unwanted, non-consensual sexual abuse and harassment as defined in section 115.6 of PREA.

65. The Offending Officer (1) unlawfully detained and deprived Plaintiff of her liberty, (2) such detainment was against Plaintiff's will and consent, (3) such detainment was without legal authority or necessity and was done for the sole purpose of engaging in non-consensual sexual abuse and harassment, and (4) was unreasonable and unwarranted under the circumstances.

66. As a result of the aforementioned fans imprisonment committed upon Sonnier by Rosenbaum, while acing within the scope of his employment by Defendant, THE UNITED STATES OF AMERICA, and through no culpable conduct of her own, Sonnier has been damaged in the amount of $10,000,000.00, and demands and additional $5,000,000.00 as punitive damages from Defendant Rosenbaum.

67.     Plaintiffs are entitled to damages from the United States of America under the Federal Tort Claims Act for the false imprisonment committed by the Offending Officer.

## IX.

WHEREFORE, Plaintiff, THEA SONNIER, demands judgement against Defendants, Rosenbaum and THE UNITED STATES OF AMERICA, as follows:

a.      Count One: $10,000,000.00 compensatory damages against Defendant, Rosenbaum plus $5,000,000.00 as punitive damages;

b.      Count Two: $10,000,000.00 compensatory damages against Defendant, THE UNITED STATES OF AMERICA;

c.  Count Three: Count Two: $10,000,000.00 compensatory damages against Defendant, THE UNITED STATES OF AMERICA; and

d.  Count Four: Count Two: $10,000,000.00 compensatory damages against Defendant, THE UNITED STATES OF AMERICA plus $5,000,000.00 as punitive damages against Defendant Rosenbaum; and

e. Attorney's fees as provided by law

Dated: March 23, 2021

Respectfully submitted,

**RICHARDSON LAW OFFICE**

**NORWOOD RICHARDSON**
State Bar No. 24056853
Federal ID No.
7322 Southwest Fwy #1122
Houston, TX 77057
Phone: 832-454-8506
Fax: 832-201-8243
Email: norwood@Imyourcounsel.com

**ATTORNEY FOR PLAINTIFF,**
**THEA SONNIER**